Filed 8/27/20  P. v. Jones CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B305360 |
| Plaintiff and Respondent, | (Super. Ct. No. MA063477) |
| | (Los Angeles County) |
| v. | |
| MELVIN EDWARD JONES, | |
| Defendant and Appellant. | |

In 2015, a jury convicted Melvin Edward Jones of assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)), criminal threats (§ 422, subd. (a)), and threatening a witness (§ 140, subd. (a)).  The jury also found true allegations that Jones inflicted great bodily injury when he committed his assault (§ 12022.7, subd. (a)) and that he committed all three of his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  In a bifurcated proceeding, the trial court found true allegations that Jones had two prior

---

[1] Unlabeled statutory references are to the Penal Code.

"strike" convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions (§ 667, subd. (a)(1)), and that he served two prior prison terms (§ 667.5, subd. (b)). It sentenced him to 38 years to life in state prison: 25 years to life on the assault, a consecutive 10 years on the prior serious felonies, and a consecutive three years for inflicting great bodily injury. The court also ordered him to pay a $5,000 restitution fine (§ 1202.4, subd. (b)).

This court affirmed the judgment on appeal. (*People v. Jones* (Aug. 15, 2016, B262297) [nonpub. opn.].) Four years later, after the judgment had become final, Jones moved to vacate his restitution fine due to an inability to pay. (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) The trial court denied Jones's motion.

Jones then filed a petition for writ of habeas corpus, arguing: (1) pursuant to Senate Bill No. 1393 (S.B. 1393), the trial court should exercise its discretion to strike the prior serious felony enhancements to his sentence, and (2) the court should strike the great bodily injury enhancement because that enhancement cannot attach to a conviction for assault with force likely to produce great bodily injury. The court denied Jones's petition.

We appointed counsel to represent Jones in his appeal from the denial of his *Dueñas* motion. After counsel examined the record in that case, he filed an opening brief that raises no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) Jones then filed a supplemental letter brief, asserting the same arguments raised in his petition for writ of habeas corpus. But because Jones did not raise those issues in his *Dueñas* motion, we cannot consider them here. (*People v. Case* (2018) 5

2

Cal.5th 1, 44-45 [issue cannot be raised for the first time on appeal].)  Even if we could, we would reject them:  S.B. 1393 does not apply retroactively to final convictions.  (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343.)  And bodily injury is not an element of assault, which permits a great bodily injury enhancement to attach to an assault conviction.  (*People v. Brown* (1980) 110 Cal.App.3d 24, 34.)

Jones also purports to appeal from the trial court's order denying his petition for writ of habeas corpus.  No appeal lies from such an order.  (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836.)

The trial court's February 10, 2020, order denying Jones's *Dueñas* motion is affirmed.  The appeal from the February 18, 2020, order denying Jones's petition for writ of habeas corpus is dismissed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

3

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.